IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>LAS AMERICAS 74-75, INC.<br><br>DEBTOR IN POSSESSION | CASE NO.: 15-01527 (EAG)<br><br><br><br>CHAPTER 11 |

DEBORT'S OBJECTION TO MOTION REQUESTING RELEIF FROM THE
AUTOMATIC STAY FILED BY ALD ACQUISITON, LLC.

TO THE HONORABLE COURT:

**COMES NOW**, Las Americas 74-75, Inc. (hereinafter the "Debtor") through its undersigned attorney and very respectfully **STATES** and **PRAYS** as follows:

INTRODUCTION

On July 13, 2015, ALD Acquisition, LLC ("ALD") filed a "Motion for Relief from the Automatic Stay" in order to continue with the proceedings before the local courts in cases *ALD Acquisitions, LLC v. Porfirio Guzmán Robles et als.*, case no. 2010-3910 (the "First Case") and *ALD Acquisition, LLC v. Las Américas 74-75, Inc. et als*, case no. 2012-2724 (the "Second Case"). (Docket 52) ("The 362 Motion") ALD claims that the protection of the automatic stay awarded to the Debtor and to property of the estate according to Section 362 of the Bankruptcy Code should be set aside in order for it to proceed litigation in the First Case and the Second Case, allegedly to have ALD's claim liquidated and to be able to continue the continue litigation in these proceedings against Debtor's guarantors.

The reasons set forth by ALD in the 362 Motion do not constitute "cause" for the lifting of the automatic stay. ALD is impeded by its own actions in the state court proceedings to claim

1

NOW that it needs to return to the state court to have its claim liquidated. Furthermore, ALD has already submitted its claim in the bankruptcy case and the allowance of the same is a core matter of the exclusive jurisdiction of this Honorable Court. Finally, it is an established bankruptcy principle that the automatic stay provisions only protect the Debtor and property of the estate. Therefore, ALD does not need relief from the automatic stay provisions in order to continue the state court proceedings against third parties.

**I. ALD's actions in the state court proceedings impede it to NOW to claim that the automatic stay should be lifted in order to "liquidate" its claim.**

1. ALD alleges that Debtor's automatic stay must be lifted in the First Case and in the Second Case, in order to for the state court to continue the proceedings to liquidate the amounts owed under its claims. Nevertheless, the record of both of the state court cases demonstrates that at all times ALD declined to provide a detail of the amounts owed.

2. During both of the state court proceedings, the Debtor requested, on several occasions, to reconcile the amounts claimed by ALD, but was never provided with this detail. ALD simply limited to provide "bulk figures" for the total amount of the claim, which pursuant to Debtor's records, was considerably in excess of the actual amounts owed. *See* Exhibit No. 5 of Debtor's Disclosure Statement filed at Docket No. 55. *See* also Exhibit 7 of Debtor's Disclosure Statement, filed at Docket No. 55.

*3.* The Debtor tried to reconcile ALD's case in the state court litigation. Nevertheless, this was not achieved due to ALD's own actions. Now, ALD has been obligated to submit such detail in the proofs of claims filed before this Honorable Court. Please refer to claims # 3, 4, 5, and 6 filed on July 2, 2015. It has submitted the adjudication of its claim to the

jurisdiction of this Honorable Court and it should be this forum who should determine the allowed amounts under such claims.

## II. The adjudication and allowance of ALD's Claims is a core matter under the exclusive jurisdiction of this Honorable Court

4. As stated above on July 2, 2015, ALD submitted to the jurisdiction of this Honorable Court the allowance and adjudication of its claims against the Debtor. ALD filed proof of claims # 3, 4, 5 and 6 and submitted therein the documents it understands that sustains those claims, including a detail of the total amounts claimed.

5. Therefore, upon ALD's voluntary submissions, the reconciliation of these amounts claimed is under the jurisdiction of this Honorable Court as core matter. There is no justification or "cause" that requires that the relief from the automatic stay provisions be granted in order for the state court to reconcile the amounts which are being included in proofs of claims 3, 4, 5 and 6.

6. This Honorable Court has the authority and expertise required in order to determine the allowed amounts under Claims filed by ALD. Furthermore, the allowance of a claim filed within a bankruptcy case is a core matter. The Bankruptcy Court has jurisdiction over core matters, 28 U.S.C. § 157(b), In re Pittsburgh Corning Corp., 277 B.R. 74, 76 (Bankr. W.D. Pa. 2002)

7. Proceedings involving rights created by the Bankruptcy Code are core proceedings. *In re Continental Airlines, (Air Line Pilots Ass'n v. Continental Airlines),* 125 F.3d 120, 130 (3d Cir.1997), *cert. denied* 522 U.S. 1114, 118 S.Ct. 1049, 140 L.Ed.2d 113 (1998). Proceedings that would only arise in bankruptcy cases, such as those involving filing a proof of claim, are also core. *Id.*

8. A core proceeding is defined by 28 USC 157(b). Specifically, subsection (b)(2)(B) provides as follows:

   > Core proceedings include, but are not limited to--
   > **(B)** <u>allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11</u>, 12, or 13 of title 11, but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (Our Emphasis)

9. Therefore, the reconciliation and allowance of ALD's claims already filed in the case and which are being considered within the terms of the Chapter 11 Plan of Reorganization filed by the Debtor, are under the jurisdiction of this Honorable Court. <u>In re Fantastik, Inc</u>., 49 BR 510, Bkrtcy. D.C. Nev. 1985 (Proceedings conducted in Bankruptcy Court to determine validity and amount of claims against debtor's estate are brought under federal bankruptcy jurisdiction pursuant to 28 USCS §§ 1334 and 157; while validity of claim is determined by state law, allowance or disallowance of claim is strictly matter of federal law and is left to Bankruptcy Court's just exercise of its equitable powers.)

10. As reflected in the Disclosure Statement and Plan of Reorganization filed by the Debtor, the amounts claimed by ALD and their allowance are included under Classes 4-8 of the Plan. The amounts claimed by ALD are disputed by the Debtor and thus the payment plan schedule filed therein includes the Debtor's reconciliation of the true amounts owed as secured claims and the unsecured deficiency to which ALD may have under such claims.[1]

---

[1] The Payment Plan Schedule contains note which provides that the unsecured deficiencies claimed by ALD are disputed. Please refer to Exhibit 13 of the Disclosure Statement.

11. Therefore, as part of the claims allowance process and the confirmation process of the Plan of Reorganization, this Honorable Court has jurisdiction to entertain this core matter. ALD has failed to demonstrate that the state court has jurisdiction or is in a better position than this Honorable Court to consider this core proceeding.

**III. ALD does not need a "comfort order" from this Honorable Court in order to be able to continue the state court proceedings against Debtor's guarantors.**

12. It is Debtor's position that ALD's request to continue its litigation proceedings against Debtor's guarantors, is nothing more than a disguised attempt to obtain an impermissible "comfort order" from this Honorable Court.

13. The automatic stay provisions of 11 U.S.C. 362 are for the exclusive benefit of the Debtor and are designed to forestall a race to the courthouse by providing for an orderly, equitable distribution of the debtor's assets. *See Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983). Bankruptcy law "permits a guarantor to be sued in state court while ... bankruptcy proceedings [are pending] against the principal debtor." *Browning Seed, Inc. v. Bayles,* 812 F.2d 999, 1004 (5th Cir.1987); *see GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985). In re Tulane Hotel Investors Ltd. P'ship, 82 B.R. 826, 828 (E.D. La. 1988)

14. While the scope of the automatic stay is broad, it stays action only against the "debtor," and does not extend to protect "sureties, guarantors, co-obligors, or others with a similar legal of factual nexus to the ... debtors." *Id.* (quoting *Maritime Elec. Co.,* 959 F.2d at 1205). Thus, there is currently no impediment in law for ALD to continue any and all litigation against Debtor's guarantors, making a comfort order impermissible.

**IV. The case law cited by ALD in order to weigh the factors which determine if "cause" exists is inapplicable to the specific facts of this case.**

15. ALD further alleges that various "factors" weight in favor of the lift of Debtor's automatic stay, and it cites 12 factors cited by the case of <u>In re Curtis</u>, 40 BR 795 (Bankr. D. Utah 1984). Nevertheless, **regarding the specific issue related to allowance of claims** the Curtis Court stated as follows:

> In considering the foregoing factors, **it must be borne in mind that the process of determining the allowance of claims is of basic importance to the administration of a bankruptcy estate**. *Gardner v. New Jersey,* 329 U.S. 565, 573–74, 67 S.Ct. 467, 471–72, 91 L.Ed. 504 (1947); *Lesser v. Gray,* 236 U.S. 70, 74, 35 S.Ct. 227, 228, 59 L.Ed. 471 (1915) ("A bankruptcy court in which an estate is being administered **has full power to inquire into the validity of any alleged debt or obligation of the bankruptcy upon which a claim or demand against the estate is based. This is essential to the performance of the duties imposed upon it**."); *United States Fidelity & Guaranty Co. v. Bray,* 225 U.S. 205, 217, 32 S.Ct. 620, 625, 56 L.Ed. 1055 (1915) ("[T]he jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and **that such proceedings include, among others, all matters of administration, such as the allowance, rejection and reconsideration of claims**...."). The Bankruptcy Code and Rules implement a speedy, efficient and economical method for the determination and allowance of claims. (Our Emphasis)

16. ALD maintains that the state court has the "necessary expertise" to finally adjudicate the First and Second Cases and that therefore, the 4th factor is present. This is not correct and is not the case before this Honorable Court. What is pending in order to adjudicate the allowance of ALD's claim does not entail the specialized knowledge of the state court. The reconciliation of the amounts claimed by a creditor in the proof of claim filed is done

6

by this Honorable Court on a daily basis in numerous cases. The state court is in no better position than this Honorable Court to make such determinations.

17. It must be underscored that the Court in the case of Curtis, *supra*, concluded that notwithstanding the factors therein enumerated, the "case would be more conveniently administered if the stay remained in effect, since this court (the bankruptcy court) **is in the best position to afford complete relief to the parties**". (Our Emphasis)

**WHEREFORE**, for the reasons stated above, the Debtor herein very respectfully requests that this Honorable Court denies the 362 Motion filed by ALD and that the automatic stay remain in full force and effect.

In San Juan, Puerto Rico, this 22nd day of July, 2015.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below, including the US Trustee and counsel for ALD.

CARMEN D CONDE TORRES    notices@condelaw.com
CHARLES ALFRED CUPRILL    cacuprill@cuprill.com,
ccuprill@cuprill.com;docket@cuprill.com;luis@cpacarrasquillo.com
CARLA FERRARI LUGO    ferrarilugo@gmail.com, cflaw.bk@gmail.com
CARMEN PRISCILLA FIGUEROA-BELL    cfigueroa@crimpr.net, cpfbkcy@gmail.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov

C. CONDE & ASSOC.
254 CALLE DE SAN JOSE
5TH FLOOR
SAN JUAN, PR 00901-1523
TEL. (787) 729-2900
FAX. (787) 729-2203

*/s/Luisa S. Valle Castro*
**LUISA S. VALLE CASTRO, ESQ.**
USDC No. 215611